No. 24-3068

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

**LUIS EMILIO CORDON LINAREZ,**
**Plaintiff-Appellant,**

v.

**ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,** *et al.,*
**Defendants-Appellees.**

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## CIVIL ACTION NO.: 24-cv-00488

---

## APPELLEES' RESPONSE TO PLAINTIFFS' VACATUR MOTION

---

BRETT SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

BRIAN C. WARD
Acting Assistant Director

CAROLINE MCGUIRE
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
General Litigation and Appeals
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4268
Email: caroline.mcguire@usdoj.gov
*Counsel for Appellees*

## INTRODUCTION

On June 13, 2025, Appellant requested that should this Court find that Appellant's removal moots his appeal, this Court should remand the case back to the district court with instructions to vacate the district court judgment as moot. *See* Document No. 40. Appellees do not dispute that this appeal is moot. However, this Court should deny Appellant's application because he does not demonstrate that vacatur is appropriate here. Importantly, Appellant's removal was irrelevant to the district court litigation. Instead, it was a foreseeable consequence after his release from prison, given that his conviction for drug trafficking rendered him inadmissible, and thus deportable. Appellant's grievances about the pace of district court litigation and the outcome of the district court litigation also do not tip the scales in his favor. Neither of these signal any motive to frustrate the possibility of future appeal of the district court judgment.

## BACKGROUND

Appellant Cordón Linarez is a Guatemalan national. A-4. On December 15, 2020, he was extradited from Guatemala to the United States to face charges for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 963. *Id.*; A-183. Appellant was paroled into the United States to face prosecution, and on May 10, 2021, Appellant pled guilty to this charge. A-17, 51. While serving his sentence, on August 7, 2023, ICE encountered Linarez, interviewed him, and determined

probable cause existed to remove him from the United States. A-197. Subsequently, the Department of Homeland Security served an expedited removal order on Appellant. A-52.

On March 20, 2024, Appellant filed a habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. A-42. Appellant challenged his expedited removal order under the Suspension Clause, the United States Guatemala Extradition Treaty, and the Equal Protection Clause, arguing that the Government lacked the authority to issue him an expedited removal order, and that absent this order, his custody release date would be accelerated once First Step Act ("FSA")[1] time credits were applied. A-51-70. Appellees opposed the petition, arguing that the 8 U.S.C. §§ 1252(e) and (g) foreclosed judicial review of the matter. A-149-176.

On November 1, 2024, the District Court agreed with the Government and adopted the Magistrate Judge's Report and Recommendation over Appellant's objections. A-44-45. The Court determined that under section 1252(e), judicial

---

[1] The FSA provides eligible inmates the opportunity to earn 10 or 15 days of time credits ("TC") for every 30 days of successful participation in evidence-based recidivism reduction programs or productive activities. 18 U.S.C. § 3632(d)(4)(A). These FSA TCs can be applied toward earlier placement in pre-release custody, such as Residential Reentry Centers and home confinement, or toward a term of supervised release. 18 U.S.C. § 3632(d)(4)(C). Certain offender categories, however, are excluded from FSA TC eligibility, including those inmates who are "the subject of a final order of removal under any provision of immigration laws." 18 U.S.C. § 3632(d)(4)(E). *See also* A-181 ¶¶ 6–7; A-477, n.4.

review of a habeas petition challenging an expedited removal order was limited to three narrow categories: (1) whether Petitioner is in fact an alien; (2) whether the petitioner was in fact ordered removed under 8 U.S.C. § 1225(b)(1); and (3) whether the petitioner is in fact an alien lawfully admitted for permanent residence, as a refugee, or as an asylee. A-20. To that end, Linarez did "not ask th[e] Court to review *any* of these issues," resulting in the Court dismissing his habeas petition. A-22 (emphasis in original).

On that same day, November 1, 2024, Appellant was released from custody, and filed a notice of appeal. Br. 3. On November 13, 2024, he was removed to Guatemala, pursuant to the expedited removal order. *Id.* Upon information and belief, Appellant remains outside the United States.

## STANDARD OF REVIEW

The Supreme Court has made clear that vacatur of a district court order is the exception, not the rule, where a case becomes moot on appeal. *United States Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (describing vacatur as an "extraordinary remedy"). The party seeking to vacate the award bears the burden of proving that vacatur is appropriate. *Silicon Power Corp. v. GE Zenith Controls, Inc.*, 661 F. Supp. 2d 524, 536 (E.D. Pa. 2017). Only two circumstances warrant vacatur. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). First, courts generally grant vacatur when a lower court's judgment is rendered

unreviewable by "happenstance," *id.* at 40, that is "unattributable to any of the parties," *Karcher v. May*, 484 U.S. 72, 83 (1987). Second, the Supreme Court has held that "'[v]acatur is in order' when 'mootness occurs through . . . the unilateral action of the party who prevailed in the lower court.'" *Azar v. Garcia*, 584 U.S. 726, 729 (2018) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71-72 (1997)). This distinction is important because "the primary objective behind vacating a lower court opinion would be distorted if a party were allowed to render deliberately a judgment unreviewable by its own action." *United States v. Garde*, 848 F.2d 1307, 1311 n.8 (D.C. Cir. 1988). However, neither circumstance applies here, and Appellant has not met his burden to demonstrate that the Court should grant vacatur.

## ARGUMENT

As Appellees' argued in their merits brief, Appellant's release from custody and removal from this country renders his appeal moot. *See* Document No. 30 at 16–25. No mootness exception applies here, and the Court should dismiss this appeal. *Id.* However, in the event the Court agrees this appeal is moot, it should not remand this matter with instructions to vacate the district court judgment because Appellant does not meet his burden to establish vacatur is warranted here.

Appellant posits that the Court should remand this case with instructions to vacate the district court judgment because (1) the case became moot when DHS removed Appellant before this Court could review the district court decision, (2) the

pace of the district court case, and (3) that leaving the district court opinion in place "risks distorting the law by allowing an unreviewed opinion to carry precedential weight." Br. at 4. However, these reasons are unavailing. That is because Appellant's removal was a foreseeable consequence after his incarceration, the district court proceedings unfolded in short order, and because the district court dutifully followed this Court's and Supreme Court precedent when rendering its decision.

Importantly, once Appellant was convicted of drug trafficking, he became inadmissible to the United States under 8 U.S.C. § 1182(a)(2)(C)(i)(II). Appellant was subject to removal after his sentence was complete. *DHS v. Thuraissigiam*, 591 U.S. 103, 119 (2020) ("Without a change in status, he would remain subject to arrest, detention, and removal.") (citing 8 U.S.C.S. §§1226(a), 1229a(e)(2)). Therefore, Appellant's removal was not due to happenstance or by unilateral government action because it was a foreseeable outcome of his release from prison, and would have occurred whether or not he lodged a habeas petition.

The Fifth Circuit examined a case for vacatur in a similar posture. In *United States v. Heredia-Holguin*, Heredia-Holguin pled guilty to criminal charges for illegally re-entering the country. 789 F.3d 625, 626 (5th Cir. 2015). The Court imposed a one-year prison sentence and three-years of supervised release. *Id.* Instead of objecting to the imposed sentence, Heredia-Holguin filed a notice of appeal to the judgment of conviction and sentence. *Id.* Once he completed the one-year sentence,

he was released from prison and deported. *Id.* When he was deported, his appeal was pending, and he had yet to file his opening brief. *Id.* Likewise, his three-year term of supervised release remained in effect. *Id.* Subsequently, Heredia-Holguin filed an initial brief conceding that his deportation rendered the appeal moot, and filed a motion to vacate the district court's sentence (the term of supervised release). *Id.* at 627. Under these circumstances, the Fifth Circuit declined to find vacatur was warranted because "Heredia-Holguin's deportation was foreseen and cannot be attributed to happenstance or the unilateral action of the Government." *Id.* at 629. The Court reasoned that "[d]eportation was the natural consequence of Heredia-Holguin's reentering the country illegally after his previous deportation. Indeed, in entering into the plea agreement, Heredia-Holguin recognized that he was pleading guilty to a removable offense and that removal was 'presumptively mandatory.'" *Id.*

Similar to *Heredia-Holguin*, Appellant's removal here had nothing to do with frustrating the outcome of his habeas petition or any appeal borne from it afterwards. Rather, his inadmissible status made his removal inevitable, independent of any litigation he initiated. Thus, Appellant cannot and has not demonstrated mootness by happenstance or by the Government's unilateral action, and vacatur is not warranted here.

Moreover, the procedural history of the district court proceedings do not support granting Appellant's application. From start to finish, the district court

litigation spanned from March 20, 2024, through November 1, 2024—just seven months and twelve days. During that time, the Government filed a single extension request, requesting an additional eight days to file a response to supplemental briefing in light of a trial in an unrelated case, and a prepaid, pre-planned vacation. A-364–A367. Notwithstanding, the case moved with alacrity and was resolved in short order. Nothing in the record suggests that the district court "delayed" proceedings at all, much less moved at a pace to frustrate the purpose of any future appeal. And it is highly unlikely that a lone, eight-day extension request meaningfully delayed resolution of Appellant's habeas petition.

Finally, Appellant argues that leaving the district court ruling intact would risk "distorting the law" by leaving an "unreviewed opinion" intact. Br. at 4. However, the district court decision is premised on this Court's and Supreme Court precedent.[2] A3–A38. The district court correctly relied on this binding precedent when resolving Appellant's matter. Moreover, Appellant's reasoning assumes the district court incorrectly decided his habeas petition, but this Court cannot reach that issue because the merits are precluded from judicial review under 8 U.S.C. §§ 1252(a)(2)(A), (e)(2), (g). *See* Document No. 30 at 30–39. *Cf. United States v. Mitchell*, 38 F.4th 382, 387-388 (3d Cir. 2022) ("As we explained earlier, we vacated

---

[2] For example, the district court principally relied on, *inter alia*, *Castro v. United States Department of Homeland Security*, 835 F.3d 422 (3d Cir. 2016), and *DHS v. Thuraissigiam*, 591 U.S. 103 (2020).

Mitchell's sentence because, when the District Court sentenced him the first time, it violated his procedural-due-process rights."). Therefore, this Court should deny Appellant's application to vacate the district court judgment.

## CONCLUSION

Accordingly, the Court should deny Appellant's requested relief.

Dated: June 23, 2025

Respectfully submitted,

BRETT SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

BRIAN C. WARD
Acting Assistant Director

*/s/Caroline McGuire*
CAROLINE MCGUIRE
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
General Litigation and Appeals
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4268
Email: caroline.mcguire@usdoj.gov

## <u>CERTIFICATION OF SERVICE</u>

I further certify that on June 23, 2025, I caused a copy of this brief to be served, by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system, on counsel of record.

Dated: June 23, 2025

 *s/ Caroline McGuire*
CAROLINE MCGUIRE
Trial Attorney